NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Isaac Bonelli,

   Movant/Defendant,

v.

United States of America,

   Respondent/Plaintiff.

No. CV-17-00618-PHX-DJH
No. CR-13-01551-PHX-DJH

**ORDER**

   Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) (the "Motion") to which Respondent the United States, filed a Response (Doc. 15), and Defendant filed a Reply. (Doc. 28). Subsequently, United States Magistrate Judge Bridget S. Bade[1] issued a Report and Recommendation ("R&R") (Doc 33). Following a detailed and thorough analysis, Judge Bade recommended that Defendant's Motion be denied. (*Id*. at 15). Defendant filed timely objections to the R&R (Doc. 34) to which Respondents filed a timely Reply (Doc. 37). The Court now issues its ruling.

**I. The R&R**

   In her R&R, Judge Bade, set forth a detailed factual and procedural background of Petitioner's case. (*See* Doc. 33 at 1-2). Only those portions needed to address Defendant's objections are repeated here because the Court need not review that portion of the R&R to which no objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face

---

[1] Judge Bade is now a Ninth Circuit Appellate Judge.

require any review at all . . . of any issue that is not the subject of an objection."). Moreover, a district court need not consider claims raised for the first time in a party's objection to a magistrate judge's recommendation. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). The following facts are pertinent to Defendant's objections:

A jury convicted Defendant of theft from a federal firearm licensee as alleged in Count Three of the indictment. (*See United States v. Bonelli*, CR-13-01551-PHX-DJH at Doc. 110).[2] Count Two of that same indictment, which was severed for purposes of trial, alleged that Defendant was a prohibited possessor having "been adjudicated as a mental defective and who has been committed to a mental institution" in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2). (*See* CR Doc. 8). Rather than proceed to trial on Count Two, the Defendant opted to plead guilty to that charge, without a written plea agreement or a waiver of appeal rights.[3]

During the plea hearing, Defendant was placed under oath, informed of his constitutional rights, waived those rights, and agreed to plead guilty to being a prohibited possessor in possession of a firearm as charged in Count Two. (CR Doc. 155 at 39). Before placing the 922(g)(4) elements on the record, Government's counsel stated "the government may opt to proceed under one theory or another. And the element that the government is going under is that the defendant had been previously committed to a mental institution." (*Id.* at 48). The Government then proceeded to set forth the elements and the factual basis for the charge. (*Id.*). The Court inquired of Defendant, "Do you agree with those facts?" He responded "Yes, your Honor." (*Id.* at 49). The Court then had the following exchange with the Defendant:

> **Court**: Now, . . . I need you to tell me what you did that caused you to be charged with this crime and to satisfy the Court that you are voluntarily pleading guilty to it."

---

[2] Citations to the docket in Defendant's criminal case will hereafter be prefaced with "CR".

[3] Defendant asked that he be permitted to enter a *nolo contendre* plea, which the Government objected to. The Court overruled that request finding no compelling reason pursuant to Fed. R. Crim. P. 11(a)(3). (*See* CR Doc. 155 at 26-30).

**Defendant**: "On or about October 8th, 2013, I knowingly possessed two rifles in the District of Arizona.

**Court**: Do you agree, Mr. Bonelli, that at least one of those rifles was manufactured out of Arizona?

**Defendant**: "Yes, Your Honor.

**Court**: And do you also agree that the government could prove that you had been previously committed to a mental institution and that you are still under the jurisdiction of the Arizona Psychiatric Review Board, which will expire in 2017?"

**Defendant**: Yes Your Honor. At the time I was under the jurisdiction of the Psychiatric Security Review Board with jurisdiction expiring on December 13th, 2017."

(*Id*. at 49). The Court found Defendant's guilty plea was knowingly and voluntarily entered and was supported by a sufficient factual basis. (*Id*. at 51).

As the R&R notes, the Defendant had been previously committed to a mental institution and on July 9, 2013, the Psychiatric Security Review Board ["PSRB"] issued an order of his release pursuant to A.R.S. § 13-3994(F)(2). (Doc. 33 at 5). The conditional release stated that it "continue[d] to have jurisdiction over [Defendant] until December 13, 2017, pursuant to [Ariz. Rev. Stat.] 13-3994(D)." (*Id*.) (citing Doc. 28, Ex. A). Within three months of signing Defendant's order of release, a member of the PSRB sought a warrant to return Defendant to the mental health institution after he committed new crimes. (*Id*. at 6).

## II. Petitioner's Objections

### A. Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner is objecting. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**B.  Analysis**

Liberally construing Defendant's Motion, Judge Bade appropriately found that it asserted three grounds for relief: first, that Defendant's trial counsel was ineffective for advising him to plead guilty to Count Two; second, that Defendant's guilty plea to Count Two was involuntary, unintelligent, and unknowingly; and third, that trial counsel was ineffective for failing to interview two witnesses before trial. (Doc. 33 at 2). As noted, Defendant timely filed an Objection to the R&R (Doc. 34), to which the Government has responded (Doc. 37). The Court will address each finding and objection in turn.

**1.  Ground One Finding and Defendant's Objection**

Judge Bade liberally interpreted Defendant's ground one claim as asserting that his PSRB release was authorized pursuant to a state relief-from-disabilities program, and therefore Defendant was permitted to possess firearms. (*See* Doc. 33 at 7-8). Stated differently, Defendant claims that the PSRB restored his rights, so he was no longer a prohibited possessor in October 2013, when the indicted crimes occurred. Thus, Defendant's Motion includes an ineffective assistance of counsel and an actual innocence claim. The R&R explains in detail the federal and Arizona state statutory schemes that restore an individual's firearm possession rights and concludes that Defendant did not pursue a restoration of rights under these schemes. Thus, Judge Bade concluded that Defendant's argument that the PSRB satisfied this process was flawed. (*Id*. at 7-10). The Court agrees.

The R&R carefully outlines the NICS Improvement Amendments Act of 2007 ("NIAA") which provides grants to states to "provide citizens an opportunity to petition to have their rights reinstated" and when done "the citizens who petition and are granted relief are given full recognition under federal law." (*See id*. at 8-9). The R&R explained that Arizona law establishes a procedure where "a person may petition the court that entered an order, finding or adjudication that resulted in the person being a prohibited possessor . . . subject to 18 U.S.C.§ 922(d)(4) or (g)(2) to restore the person's right to possess a firearm." A.R.S. § 13-925(A). If the court grants the petition "the original order, finding or

adjudication is deemed not to have occurred for purposes of applying . . . 18 U.S.C. § 922(d)(2) or (g)(4) to that person." *Id.* Then, the state will remove the individual's name from the NCIS database and inform the U.S. Attorney General that he or she is no longer a prohibited possessor. (*Id.* at 9-10). Judge Bade found, and the Defendant does not dispute, that he did not pursue a restoration of rights under Arizona's statutory scheme.

Defendant asserts vague objections that Judge Bade's legal analysis was wrong and claims, for the first time in his Objection, that he did not qualify as a prohibited possessor in the first instance. (Doc. 34 at 5). There, Defendant states that at the time he was found "GEI" (guilty except insane), the state statute that defined "prohibited possessor" did not include individuals who were deemed GEI. (*Id.*) ("It was not until after 2013, that the Arizona Legislature amended A.R.S. [§]13-3101, which is the chapter that defines a "prohibited possessor," to include a provision for a GEI sentencee [sic]"). *See* A.R.S. § 13-3101(A)(7)(g). As noted above, the Court need not consider claims raised for the first time in a party's objection to a magistrate judge's recommendation. *Brown*, 279 F.3d at 744. Nonetheless, the Court has considered this new argument and overrules the Defendant's objection because he knowingly and voluntarily admitted that he had previously been committed to a mental institution and he was under the jurisdiction of the PSRB until December 2017. His admissions establish his status as a prohibited possessor as alleged in Count Two.

Moreover, A.R.S. § 13-3101(A)(7)(a) includes a cross-reference incorporating individuals who have been court-ordered to "inpatient treatment in a mental health treatment agency" as prohibited possessors, a reference that Defendant altogether overlooks. *See* A.R.S. § 36-540. Finally, there is nothing in the record to show that Defendant's right to possess a firearm was restored pursuant to A.R.S. § 13-3101(A)(7). The Court thus adopts the R&R with regard to ground one.

///

///

### 2. Ground Two Finding and Defendant's Objection[4]

Judge Bade also found that Defendant could not establish that his guilty plea was involuntary because it was based on his counsel's misinformation. (Doc. 33 at 12). The R&R outlined facts and analysis that show that Defendant's guilty plea was knowingly, intelligently, and voluntary entered. The Court agrees with that analysis.

As an initial matter, this Court has construed Defendant's objections to the R&R on ground two liberally, and finds them to be generalized and a reiteration of the grounds previously stated in his Motion. For example, as his did in his Motion, Defendant's Objection again argues that "the witnesses made an identity based on the name on a receipt" and through the "use of a picture of Defendant, taken a month before[,] used by a Maricopa County Sheriff's office detective in photo line-ups" and not on the visual identification of a suspect. The Court has no obligation to review these objections. *See Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'"). The Court has nonetheless reviewed the record and the R&R and agrees with Judge Bade's sound factual analysis and ruling that Defendant has not shown that but for counsel's performance, there is a reasonable likelihood that the results of the jury verdict would have been different. As discussed above, at the time of the acts alleged in Count Two, Defendant was a prohibited possessor without restoration of his rights to possess a firearm. Thus, his counsel did not misapprehend the law as applied to him.

The Defendant's second objection is thus, denied.

### 3. Ground Three Finding and Defendant's Objections

As for his claim that trial counsel was ineffective for failing to interview two witnesses before trial, Defendant objects to the R&R by reasserting the arguments made in his Motion and stating that he is entitled to an evidentiary hearing. As to the latter, the Court notes that Defendant's Motion did not seek an evidentiary hearing. (*See* Doc. 1 at

---

[4] Although Defendant objects to a finding that his ground two argument was procedurally defaulted, the R&R makes no such finding, and only references the Government's position that they believe it is. Thus, the Court need not address this objection. (Doc. 33 at n.4).

¶ 14). Regardless, a prisoner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). The Court declines to provide Defendant with an evidentiary hearing because, as the R&R explains, "Defendant has not shown that he was prejudiced by trial counsel's alleged deficient performance," that is, her failure to interview two identification witnesses before trial. (Doc. 33 at 12). Indeed, Defendant seeks a hearing to have the Court "take into consideration any facts which *may tend* to prove" his counsel's ineffectiveness. (Doc. at 13 ) (emphasis added). The law under *Strickland* requires more. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 697 (1984) (a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Judge Bade thoroughly reviewed the factual record in arriving at her conclusions that the evidence at trial, beyond the testimony of the two referenced witnesses, supported the Defendant's identity as the individual who stole firearms from the Walmart. Importantly, the Defendant has not shown that but for his counsel's failure to interview those witnesses prior to trial, the trial outcome would have been different. Thus, Defendant's request for an evidentiary hearing is denied and his objection as to ground three is overruled.

### C. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 33) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied.**

///

///

///

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 4th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge